

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

|  |  |
|---|---|
| *970 Broad Street, 7th floor* | *973-645-2700* |
| *Newark, New Jersey 07102* |  |

DJL/PL AGR
2021R01187

December 7, 2022

**VIA EMAIL**
Gerald D. Miller, Esq.
Miller Meyerson & Corbo
35 Journal Square
Suite 1105
Jersey City, NJ 07306

      Re:    <u>Plea Agreement with Erick Solis</u>
                    Criminal No. 23-cr-92

Dear Mr. Miller:

      This letter sets forth the plea agreement between your client, Erick Solis ("Solis"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 29, 2022, if it is not accepted in writing by that date. If Solis does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Solis to an Information that charges him with: (1) solicitation of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(3)(B)(ii) and (b)(1) (Count One); and possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2 (Count Two). If Solis enters a guilty plea and is sentenced on these charges, subject to any mandatory minimum penalties, followed by a term of supervised release of at least five years, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Solis for soliciting child pornography from in or around July 2020 through in or around August 2020, and for possessing child pornography on or about January 20, 2022.

      But if a guilty plea in this matter is not entered for any reason or the judgment of conviction entered in accordance with this agreement does not remain in full force

and effect, this Office may reinstate any dismissed charges and initiate any other charges against Solis even if the applicable statute of limitations period for those charges expires after Solis signs this agreement, and Solis agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 2252A(a)(3)(B)(ii) to which Solis agrees to plead guilty in Count 1 of the Information carries a statutory maximum sentence of 20 years' imprisonment and a statutory mandatory minimum sentence of five years' imprisonment.

The violation of 18 U.S.C. § 2252A(a)(5)(B) to which Solis agrees to plead guilty in Count 2 of the Information carries a statutory maximum sentence of 20 years' imprisonment.

The prison sentences on Counts 1 and 2 may run consecutively to each other or to any prison sentence Solis is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The violations charged in Counts 1 and 2 each carry a statutory maximum fine equal to the greatest of (a) $250,000; (b) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (c) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(1), if the Court determines that Solis has a prior conviction under Chapter 110, section 1591, Chapters 71, 109A, or 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, then the violation of 18 U.S.C. § 2252A(a)(3)(B) in Count 1 to which Solis agrees to plead guilty instead carries a mandatory minimum sentence of fifteen years' imprisonment and a maximum sentence of forty years' imprisonment.

Pursuant to 18 U.S.C. § 2252A(b)(2), if the Court determines that Solis has a prior conviction under chapter 110, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, then the violation of 18 U.S.C. § 2252A(a)(5)(B) in Count 2 to which Solis agrees to plead guilty instead carries a mandatory minimum sentence of ten years' imprisonment and a maximum of twenty years' imprisonment.

The sentence to be imposed upon Solis is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Solis ultimately will receive.

Further, in addition to imposing any other penalty on Solis, the sentencing judge as part of the sentence:

(1) will order Solis to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Solis to pay restitution pursuant to 18 U.S.C. § 2559, including restitution of at least $3,000 per victim for any conduct occurring after December 7, 2018;

(3) must order forfeiture pursuant to 18 U.S.C. § 2253;

(4) must impose, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, upon conviction, an additional mandatory special assessment of $5,000, unless the sentencing judge finds the Solis to be indigent;

(5) shall assess, pursuant to 18 U.S.C. § 2259A, (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5), (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense;

(6) must require, pursuant to 18 U.S.C. § 3583, Solis to serve a term of supervised release of at least five years and up to a maximum term of life on supervised release on Counts 1 and 2, which will begin at the expiration of any term of imprisonment imposed. Should Solis be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Solis may be sentenced to not more than five years' imprisonment per count in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release; and

(7) pursuant to 18 U.S.C. § 3583(k), should Solis, while on supervised release be found, in a manner that satisfies United States v. Haymond, 139 S. Ct. 2369 (2019), to have committed an offense in violation of Chapters 109A, 110, or 117, or Sections 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one year can be imposed, Solis must be sentenced to at least five years' imprisonment and up to a maximum term of life, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, Solis agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Forfeiture

Solis agrees, as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 2253, to forfeit to the United States (1) all cellular devices, computer and computer accessories on which law enforcement, on or about January 20, 2022, discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts 1 and 2 of the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts 1 and 2 of the Information, and all property traceable to such property (the "Forfeitable Property, which includes the items listed on Schedule B hereto").

Solis further waives and abandons all of his right, title, and interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal; waives, releases, and withdraws any claim that Solis may have made with respect to the Forfeitable Property; waives and releases any future claim that Solis might otherwise have made to the Forfeitable Property; and consents to the destruction of the Forfeitable Property.

Solis further agrees to consent to the entry of orders of forfeiture for the Forfeitable Property that may be final prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Solis further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Solis understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Solis waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of Solis' assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Solis further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Solis fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Solis has intentionally failed to disclose assets on his Financial Disclosure Statement, Solis agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Solis by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Solis' activities and relevant conduct with respect to this case.

Stipulations

This Office and Solis will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Solis waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Solis understands that, if Solis is not a citizen of the United States, Solis' guilty plea to the charged offenses will likely result in Solis being subject to immigration proceedings and removed from the United States by making Solis deportable, excludable, or inadmissible, or ending Solis' naturalization. Solis understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Solis wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Solis' removal from the United States. Solis understands that Solis is bound by this guilty plea regardless of any immigration consequences. Accordingly, Solis waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Solis also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea,

conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Registration Consequences

Solis understands that his guilty plea to the charged offenses will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Solis wants and agrees to plead guilty to the charged offenses regardless of any registration consequences of that plea. Solis understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, Solis waives any and all challenges to his guilty plea and to his sentence based on any registration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

### Adam Walsh Child Protection and Safety Act

Solis has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Solis resides; where he is an employee; and where he is a student. Solis understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. Solis further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Solis has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

### Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Solis. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Solis from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

This agreement constitutes the entire plea agreement between Solis and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By:  s/ Dong Joo Lee
     Dong Joo Lee
     Assistant U.S. Attorney

APPROVED:

_____
Jamel K. Semper
Deputy Chief, Criminal Division

I have received this letter from my attorney, Gerald D. Miller, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A and Schedule B), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                                    Date: 12/16/22
Erick Solis

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A and Schedule B), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                                    Date: 12/23/2022
Gerald D. Miller, Esq.
Counsel for Defendant

I have received this letter from my attorney, Gerald D. Miller, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A and Schedule B), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 12/16/22
Erick Solis


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A and Schedule B), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 12/23/2022
Gerald D. Miller, Esq.
Counsel for Defendant

- 9 -

Plea Agreement With Erick Solis

Schedule A

1.  This Office and Erick Solis ("Solis") agree to stipulate as follows:

2.  From in or around July 2020 through in or around August 2020, in the District of New Jersey, and elsewhere, Solis knowingly solicited using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by any material or purported material in a manner that reflects the belief, or that is intended to cause another to believe, that the material or purported material is, or contains a visual depiction of an actual minor engaging in sexually explicit conduct.

3.  On or about January 20, 2022, in the District of New Jersey, Solis knowingly possessed material that contained at least one image and five videos of child pornography that has been transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been transported in or affecting interstate or foreign commerce by any means.

4.  The parties agree that a term of imprisonment within the range of 66 to 84 months (the "Stipulated Range") is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). Neither party will argue for a term of imprisonment below 66 months or above 84 months. The parties recognize, however, that the Stipulated Range will not bind the District Court.

5.  If the term of imprisonment does not exceed 84 months, and except as specified in the next paragraph below, Solis will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 66 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

6.  Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)  Any proceeding to revoke the term of supervised release.

(b)  A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)  An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

Plea Agreement With Erick Solis

Schedule B

1. Apple iPhone 13 Pro Max, Model A2484, MLKR3LL/A, bearing serial number R199C2T7V3;

2. Toshiba laptop, Model Qosimio G55-Q802, bearing serial number 88078312H, containing Samsung Solid State Drive (SSD), Model 840 Evo, bearing serial number S1D9NSAF917312L;

3. Apple laptop, Macbook Pro, Model A1286, bearing serial number CC02GF04CDV7M;

4. Sony camera, Model a6000, bearing serial number 6394125, containing SanDisk Secure Digital (SD) Card, 16GB, bearing serial number BL1120422027G;

5. Western Digital Hard Disc Drive (HDD), Model WD5000BEVT-11ZAT0, bearing serial number WXN908NA0582;

6. Western Digital SSD, Model MyPassport NL-2132, bearing serial number 172428422236;

7. Samsung SSD, Model850 Evo MZ-75E500, bearing serial number S2RANX0J119609K;

8. Samsung SSD Non-Volatile Memory Express (NVMe), bearing serial number S4LN058A0-1;

9. MicroCenter SDXC card, bearing serial number API106ISO5G128M;

10. Silver and blue Universal Serial Bus (USB) thumb drive, with no model or serial number, labeled as "RAM Research Aligned Membership;"

11. SanDisk USB thumb drive, Model CruzerGlide SDCZ60-008G, bearing serial number BI160625230B; and

12. White metal, custom gaming computer tower with no identifying numbers, missing both of the side panels, with damages to the front and rear, that contains unidentified NVMe solid state drive M.2 format.

I have received this letter from my attorney, Gerald D. Miller, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A and Schedule B), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*Erick Solis* [signature]   Date: 12/16/22
Erick Solis

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A and Schedule B), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

[signature]   Date: 12/23/2022

Gerald D. Miller, Esq.
Counsel for Defendant

- 9 -